William Bradshaw #D-73217
P.O. Box 689 GW-325-U
Soledad, CA 93960-0689
 In Pro Per

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CV 08 1787

WILLIAM BRADSHAW )
 Petitioner )
 )
 -v- )
 )
BEN CURRY, Warden, et al )
 Respondent )
_____)

Case No. SACV 07-907 CAS (JC) JF

MOTION/REQUEST TO FILE CITATION
OF SUPPLEMENTAL AUTHORITIES (PR)
ACCORDANCE WITH FRAP 28(j)

Petitioner, William Bradshaw, D-73217, hereinafter "Petitioner", respectfully submits this Motion/Request to file citation of Supplemental Authorities in accordance with FRAP 28(j).

Petitioner is a person in state custody, proceeding in pro se, and as he has no legal training whatsoever he requests this Honorable Court to liberally construe the aforementioned motion (Archuleta v. Hedrick, (8th Cir. 2004) 365 F.3d 644).

SUPPLEMENTAL AUTHORITIES

1.) Ryman v. Sears, Roebuck and Co., (9th Cir.2007) 505 F.3d 993, 994, "[1] Today we reiterate the rule that when (1) a federal court is required to apply state law, and (2) there is no relevant precedent from the state's highest court, but (3) there is [italics in original] relevant precedent from the state's intermediate appellate court, the federal court must follow the state

1.

intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it".

2.) Irons v. Carey, (9th Cir. 2007) 505 F.3d 846 pp. 853-854  "We note that in all the cases in which we have held that a parole board's decision to deem a prisoner unsuitable for parole solely on the basis of his commitment offense comports with due process, the decision was made before the inmate had served the minimum number of years required by his sentence.  Specifically, in Biggs, Sass, and here, the petitioners had not served the minimum number of years to which they had been sentenced at the time of the challenged parole denial by the Board.  Biggs, 334 F.3d at 912; Sass, 461 F.3d.

...All we held in those cases and all we hold today, therefore, is that, given the particular circumstances of the offenses in these cases, due process was not violated when these prisoners were deemed unsuitable for parole prior to the expiration of their minimum terms.

Furthermore, we note that in Sass and in the case before us there was substantial evidence in the record demonstrating rehabilitation.  In both cases, the California Board of Prison Terms appeared to give little or no weight to this evidence in reaching its conclusion that Sass and Irons presently constituted a danger to society and thus were unsuitable for parole.  We hope that the Board will come to recognize that in some cases, indefinite detention based solely on an inmate's commitment offense regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from the relevant California statutes."

3.) Rosenkrantz v. Marshall, (C.D.Cal 2006) 444 F.Supp 2d 1063, 1084.

"While relying on Petitioner's crime as an indication of his dangerousness may be reasonable for some period of time, in this case, continued reliance on such unchanging circumstances - after nearly two decades of incarceration and a

half dozen parole suitability hearings - violates due process because Petitioner's commitment offense has become such an unreliable predictor of his present and future dangerousness that it does not satisfy the "some evidence" standard. After nearly twenty years of rehabilitation, the ability to predict a prisoner's future dangerousness based simply on the circumstances of is or her crime is nil. FN1

...there will come a point, which already may have arrived when Petitioner would have become eligible for parole if he had been convicted of first degree murder. Once Petitioner reaches that point, it is appropriate to consider whether his offense would still be considered especially egregious for a <u>first degree</u> murder in order to promote the parole statute's goal of proportionality between the length of sentence and the seriousness of the offense; under this circumstance, the justification for denying his parole would become less clear even under the differential "some evidence" standard. Thus, future denials of Petitioner's parole may warrant judicial reappraisal." FN2

---

[1] Citing <u>Johnson v. Finn</u>, (E.D.Cal 2006) 2006 WL195159 ["The seriousness of the crime had predictive value for the dangerousness of Petitioner's reliance for the first, second, perhaps third suitability hearing. But as the years go by, this factor loses its predictive value in light of the growing experience to the contrary (assuming Petitioner's record in prison is exemplary)."]

[2] Petitioner requests this court take judicial notice that Robert Rosenkrantz was released on August 4, 2006 after the California Court of Appeal (July 31, 2006, No. B192676) and the State Supreme Court (August 3, 2006, No. S145504) denied appeals to Judge Wesley's L.A. County Superior Court Order, <u>In Re Rosenkrantz VI</u> June 26, 2006, No. BH003529). The U.S. Central District simultaneously ordered Rosenkrantz released on August 1, 2006. (<u>Rosenkrantz v. Marshall</u>,Supra, 444 F.Supp.2d pgs. 1087, 1088 N.20) Rosenkrantz served 21 years in prison for second degree murder for a crime characterized by the California Supreme Court as a "particularly egregious" murder beyond the "minimum necessary" to convict (<u>In Re Rosenkrantz</u>, Supra, 29Cal.App.4th pages 628-629, 670-672, 678- 679) before the facts of his crime became too old to supply some evidence of a current and unreasonable threat to the public.

4.) <u>Hayward v. Marshall</u>, (9th Cir.2008) 512 F.3d 536, 2008 DJDAR 93, pp. 96-98. "We have cautioned that a continued reliance on an unchanging factor such as the circumstances of the commitment offense, preconviction criminal history, or other past conduct, might in some cases result in a due process violation at some point. <u>Biggs v. Terhune</u>, 334 F.3d 910, 916 (9th Cir. 2003). Biggs upheld the Board's denial of parole based on the commitment offense, but cautioned;

> '[T]he parole board's sole supportable reliance on the gravity of the offense and conduct prior to imprisonment to justify denial of parole can be initially justified as fulfilling the requirements set forth by state law. Over time however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of Biggs' offense and prior conduct would raise serious questions involving his liberty interest in parole.'

Id. 'We further noted that the denial of parole based on "[a] continued reliance ...on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation.' Id. at 915

We restated this point in Irons, noting that 'in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process given the liberty interest in parole that flows from the relevant California statutes.' <u>Irons</u>, 2007 WL2027359, At *6. 'The commitment offense can negate suitability only if circumstances of the crime reliably established by evidence in the record rationally indicate that the offender will present an unreasonable public safety risk if released from prison.' Scott, 133 Cal.App4th at 595. ... Here, by contrast, Hayward has long served more than his minimum fifteen year term of imprisonment. We hold that the Governor's reversal of parole in this case was not supported by any evidence that Hayward's release would threaten public safety, and that the Governor's reversal of his parole thus violated his due process rights."

4.

The supplemental authorities cited above are on point with, and relevant to Petitioner's case (now pending before this court), because of the State Appellate and 9th Circuit Appellate Court's determinations as to what the "some evidence" standard refers.

The circumstances of Petitioner's offense of nearly 22 years ago, no longer amount to the requisite "some evidence" that he is currently an unreasonable risk of threat to public safety. And, as there is literally nothing in Petitioner's post conviction history that even suggests that he is a threat to public safety, and the forensic evidence before the Board concludes he is not, the decision reached by the Board of Parole Hearings, and subsequently upheld by the state courts, must be ruled to be an "unreasonable determination of the facts based on the evidence presented".

Therefore, Petitioner moves this Honorable Court to expeditiously grant his petition for writ of habeas corpus and provide him the relief sought therein.

*William Bradshaw*

Respectfully submitted, this 27th day of March, 2008.

## PROOF OF SERVICE BY MAIL

(C.C.P. §§1013A, 2015.5)

STATE OF CALIFORNIA )
                             ) SS.
COUNTY OF MONTEREY )
RE: Bradshaw V. B. Curry, Case No. SACV 07-907 CAS (JC)

I, William Bradshaw, D-73217, am a resident of the State of California, County of Monterey. I am over the age of 18 years and I  am/am not  a party to the within action. My business/residence address is P.O. Box 689, Soledad, California 93960-0689.

On _____, 20____ I served the foregoing:

Motion/Request To File Citation of Supplemental Authorities In Accordance with FRAP 28(j)

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Soledad, California, addressed as follows:

- 1 copy -
Office of the Attorney General
P.O. Box 85266
San Diego, CA 91286-5266

There is regular delivery service by the U.S. Postal Service between the place of mailing and the places so addressed.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27th day of March, 2008, at Soledad, California.

/S/ William Bradshaw
IN PRO SE



United States District Court
Northern District of California
450 Golden Gate Ave.
P.O. Box 36060
San Francisco, CA
94102-9680

William Bradshaw
D.7317 GW.128
P.O. Box 689
Soledad, CA
93960-0689