NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM BRADSHAW, | ) | No. C 08-1787 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| B. CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

On December 4, 1987, Petitioner was sentenced to a term of fifteen years-to-life in state prison after his conviction for second degree murder in the Orange Superior Court. Petitioner challenges the Board of Parole Hearings' ("Board") decision denying him parole after his February 8, 2006 parole suitability hearing. Petitioner filed habeas petitions in the state superior court, state appellate court, and the state supreme court, all of which were denied as of March 14, 2007. Petitioner filed the instant federal petition on August 7, 2007 in the United States District Court for the Central District of

California. The petition was transferred to this Court on April 24, 2008 and filed in a new habeas action, case no. C 08-2025 JF (PR). This Court issued an order closing the C 08-2025 JF (PR) matter and directing the Clerk to transfer the documents to the instant habeas action.

## DISCUSSION

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges: (1) the denial of his federal liberty interest in parole is contrary to and an unreasonable application of the "some evidence" standard set forth in Superintendent v. Hill 472 U.S. 445 (1985), in violation of 28 U.S.C. § 2254(d)(1); and (2) the denial of his federal liberty interest in parole is an unreasonable determination of the facts in light of the evidence presented, pursuant to § 2254(d)(2), because "clear and convincing" evidence disproves any threat to the public if Petitioner was granted parole. Liberally construed, Petitioner's claims are cognizable under § 2254. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 3) upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

1    2.    Respondent shall file with the Court and serve on Petitioner, **within sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty days** of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen days** of receipt of any opposition.

4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  5/8/08

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\pro-se\sj.jf\hc.08\Bradshaw787osc        3