WILLIAM BRADSHAW
D-73217  GW-325U
P.O. Box 689
Soledad, CA. 93960-0689

FILED

00 AUG 20 PM 12: 50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In the matter of          )
                          )    Case No. C 08-1787 JF (PR)
WILLIAM BRADSHAW          )
                          )
On Habeas Corpus.         )
                          )

TRAVERSE TO RESPONDENT'S RETURN TO ORDER TO SHOW
CAUSE RE PETITION FOR WRIT OF HABEAS CORPUS

WILLIAM BRADSHAW
Petitioner, In Pro Per

TABLE OF AUTHORITIES

<u>CASES</u>                                                    <u>PAGE No.</u>

<u>FEDERAL</u>

Irons v. Carey, 479 F.3d 658, 662 (9th Cir. 2007)                3,4

Sass v. Cal. Brd of Prison Trms, 461 F.3d 1123, 1128 (9th Cir.2006)   3,4

Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003)              3,4

McQuillion v. Duncan, 306 F.3d 895, 903 (9th Cir. 2002)          3,4

Sandin v. Conner, 515 U.S. 472 (1995)                            3

Greenholtz v. Inmates of Neb. Penal & Corr. Comp., 442 U.S. 1, 7 (1972)   3

Board of Pardons v. Allen, 482 U.S. 369, 376-378                3

Superintendent v. Hill, 472 U.S. 445, 457 (1985)                4


CONSTITUTIONAL AUTHORITIES

Fourteenth Amendment to the United States Constitution          passim

WILLIAM M. BRADSHAW
D-73217  GW-325U
P.O. Box 689
Soledad, CA. 93960-0689

Petition, In Pro Per

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM BRADSHAW, | ) | Case No. C 08-1787 JF (PR) |
| Petitioner, | ) | TRAVERSE TO ANSWER TO PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| vs. | ) | |
| | ) | |
| B. CURRY, Warden, et al, | ) | Judge: Hon. JEREMY FOGEL |
| | ) | U.S. District Judge |
| Respondent. | ) | |

Petitioner, William Bradshaw, In Pro Per, respectfully submits the

following traverse to the  Respondent's Return in the above-entitled case.

In support thereof, Petitioner admits, denies, and alleges as follows:

INTRODUCTION

The Respondent failed to set forth sufficient facts or law to show

cause why the relief in the petition should not be granted.

Petitioner realleges all the allegations and contentions set forth

in the original petition.

I.

Petitioner admits the portions in paragraph 1 regarding Petitioner's

sentence and acknowledges that Petitioner is in the actual custody of

1 the California Department of Corrections and Rehabilitation (CDCR).

2 Petitioner denies the remaining part of the allegation that he is currently

3 "...in the lawful custody of the CDCR," for the reasons alleged in the

4 original petition.

II.

6     Petitioner admits the allegation in paragraph 2 that he filed a

7 petition for Writ of Habeas Corpus in Orange County Superior Court and

8 that it was denied. Petitioner generally and specifically denies each

9 and every remaining allegation in paragraph 2.

III.

11     Petitioner admits the allegations in paragraph 3.

IV.

13     Petitioner does not understand Respondent's contradictory position

14 in paragraph 4.  On one hand, Respondent admits Petitioner has exhausted

15 his state court remedies regarding claims against his 2006 Board of Paroles

16 hearing, then on the other hand states that he does not admit that the

17 claims have been exhausted "to the extent they are more broadly interpreted

18 to encompass any systematic issues beyond this claim," and therefore denies

19 said allegation.

V.

21     Petitioner admits to the allegation of paragraph 5.

VI.

23     Petitioner denies Respondent's allegation in paragraph 6 claiming

24 that Petitioner is not entitled to Federal Habeas relief. The state court

25 denials of habeas relief were contrary to and involved an unreasonable

26 application of, clearly established United States Supreme Court law, and

27 those denials were based on an unreasonable interpretation of the evidence

28 presented. This is the basic foundation of the original petition for habeas

corpus before this Honorable Court.

VII.

Petitioner denies the allegation in paragraph 7 that Petitioner does not have a federally protected liberty interest in parole under California Penal Code §3041. Contrary to Respondent's position, it has been made clear that California's parole scheme vests all prisoners whose sentence provides for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause. (Irons v. Carey, (9th Cir. 2007) 479 F.3d 658, 662 (citing Sass v. California Board of Prison Terms, (9th Cir. 2006) 461 F.3d 1123, 1128; Biggs v. Terhune, (9th Cir. 2003) 334 F.3d 910, 914; and McQuillion v. Duncan, (9th Cir. 2002) 306 F.3d 895, 903). Respondent misapplies Sandin v. Conner, 515 U.S. 472 (1995), Mistates the rules of Greenholtz v. Inmates of Nebraska Penal and Corrections Complex, 442 U.S. 1, 7 (1972), and ignores Board of Pardons v. Allen, 482 U.S. 369, 376-378 (1987), the latter two of which both directly found a federal liberty interest in parole based on the identical type of language as is contained in California's parole statute, Penal Code §3041. Petitioner denies each and every remaining allegation in paragraph 7.

VIII.

Petitioner generally and specifically denies the allegations in paragraph 8. Under McQuillion I, Sass, Irons, and Biggs, Petitioner was entitled to more due process protections than alleged, and even if not, he denies that the Board gave him due consederation, or that its explanation was sufficient, for all the reasons stated in the original petition, herein, and in the accompanying points and authorities.

IX.

Petitioner specifically denies Respondent's allegation in paragraph 9,

denying "that the some-evidence test is clearly established federal law

in the parole context." Petitioner alleges that the Supreme Court has set

a standard of review in Superintendent v. Hill, 472 U.S. 445, 457 (1985),

which provides the basis for the "some-evidence" standard. This

standard has been utilized by the Ninth Circuit in  multiple published

opinions, making it clear that under principles of federal due process,

California inmates are entitled to a "some-evidence" review of their parole

hearing. (Sass v. California Board of Prison Terms, supra, 461 F.3d 1123

(9th Cir. 2006); Irons v. Carey, supra, 479 F.3d 658 (9th Cir. 2007); Biggs

v. Terhune, supra, 334 F.3d 914 (9th Cir. 2003); and McQuillion v. Duncan,

306 F.3d 895, 903 (9th Cir. 2002).) Petitioner also denies the allegation

in the second part of paragraph 9. Under Federal law, the United States

Supreme Court has clearly established that a parole board's decision

deprives a prisoner of due process it the board's decision is not supported

by "some evidence in the record", or is "otherwise arbitrary."(Irons v.

Carey, supra, 479 F.3d 658, 662 (9th Cir. 2007) [applying "some evidence"

standard used for disciplinary hearings as outlined in Superintendent v.

Hill, 472 U.S. 445-455 (1985)].) The evidence underlying the Board's

decision must also have "some indicia of reliability." (McQuillion v. Duncan,

306 F.3d 904; and Biggs v. Terhune, 334 F.3d 915).

X.

Petitioner generally and specifically denies the allegations in paragraph

10 and 11 for the reasons stated in allegation 9, in the original petition,

and in the accompanying points and authorities.

XI.

Petitioner denies the allegations in paragraph 12. Petitioner alleges

that an evidentiary hearing may be necessary to resolve the factual disputes
and that the existing state court record is not sufficient and should be
augmented[1].

## XII.

Petitioner denies the allegation in paragraph 13. This Honorable
Court will assess what remedy Petitioner is entitled to, not the Respondent.
Petitioner affirmatively alleges that the remedy ranges from ordering a
new hearing under the guidance from this Honorable Court all the way to
ordering the Petitioner released.

## XIII.

Petitioner denies the allegations in paragraph 14. For the reasons
set forth herein, in the accompanying Points and Authorities, and in the
original petition, Petitioner has established his grounds for relief and
shown that he meets both prongs of the AEDPA.

## XIV.

Petitioner generally and specifically denies the allegations in
paragraph 15.

## XV.

Petitioner re-alleges each and every allegation and all of his claims
as presented in his original petition, and the factual showing in his
exhibits, and affirmatively alleges that Respondent, in his return, has
done nothing more than restate the Board's decision via the Superior Court
decision without offering any real explanation as to how or why the

---

[1] As part of an evidentiary hearing, this Court can order the Respondent
to produce the decisions by the parole board during the 90 days before
and after Petitioner's hearing. Petitioner anticipates that it will show
that in 100% of all murder cases, the crime has been found to be "especially
heinous, atrocious or cruel" at some point. Thus as applied would violate
federal due process, in that it can fit any crime, and has lost the ability
to distinguish crimes that truly are particularly egregious.

1  evidence supports a finding that Petitioner would currently pose an

2  unreasonable risk of danger to the public if released. Respondent

3  mischaracterizes and misconstrues Petitioner's arguments and theories,

4  and the Court's attention is directed to the original petition and the

5  accompanying points and authorities for a full understanding of the actual

6  arguments relied upon herein. These documents provide the legal and factual

7  basis for the claims raised herein.

8  /

9  /

10  /

11  /

PRAYER

Petitioner respectfully submits that the petition for writ of habeas corpus should be granted, and that he is entitled to the relief requested in the petition.

Dated: _8-13-08_

Respectfully submitted,

WILLIAM BRADSHAW
Petitioner, In Pro Per

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __WILLIAM BRADSHAW_____, declare:

I am over 18 years of age and I am party to this action.  I am a

resident of CORRECTIONAL TRAINING FACILITY prison, in the County

of Monterrey, State of California.  My prison address is:

WILLIAM BRADSHAW_____, CDCR #: D-73217_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: GW-325U_____
SOLEDAD, CA  93960-0689.

On ____8-18-08_____, I served the attached:

TRAVERSE TO ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS / MEMORANDUM OF

POINTS AND AUTHORITIES IN SUPPORT OF TRAVERSE

on the parties herein by placing true and correct copies

thereof, enclosed in a sealed envelope (verified by prison

staff), with postage thereon fully paid, in the United States

Mail in a deposit box so provided at the above-named institution

in which I am presently confined.  The envelope was addressed as

follows:

AMANDA J. MURRAY                        UNITED STATES DISTRICT COURT
DEPUTY ATTORNEY GENERAL                 NORTHERN DISTRICT OF CALIFORNIA
455 Golden Gate Avenue, Suite 11000     450 Golden Gate Ave.
San Francisco, CA. 94102-7004           San Francisco, CA. 94102-9680
(Attorney for Respondent)

I declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.

Executed on ____8-18-08_____.

WILLIAM M. BRADSHAW_____
Declarant in Pro Per

WILLIAM M. BRADSHAW
D-73217  GW-325U
P.O. Box 689
SOLEDAD, CA. 93960-0689

LEGAL MAIL

LEGAL MAIL

RECEIVED

AUG 2 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Ave.
San Francisco, CA. 94102-9680



5/18/05

RECYCLED STATESMAN CLASP